**MARYANNE B. COOPER, SBN 215563**
**MILES B. COOPER, SBN 209085**
**ROBERT IGLEHEART SBN 291650**
**BRYAN S. VIX, SBN 344358**
**COOPERS LLP**
2261 Market Street, #330
San Francisco, California 94114
Telephone: 415-434-2111
Facsimile: 415-434-2112
OAK@Coopers.law

**BRIAN GEARINGER, SBN 146125**
**GEARINGER LAW GROUP**
740 Fourth Street
Santa Rosa, CA 95404
Telephone: 415-440-3102
Brian@Gearingerlaw.com

Attorneys for Plaintiff, M.B.

COOPERS LLP TRIAL LAWYERS

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| M.B.,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, CHIEF OF SAN FRANCISCO JUVENILE PROBATION DEPARTMENT KATHERINE MILLER, DEPUTY PROBATION OFFICER WARREN JOHNSON, SUPERVISING PROBATION OFFICER SCOTT KATO, SUPERVISING PROBATION OFFICER BRYAN THOMASSON, DEPUTY PROBATION OFFICER NIGEL HICKS, and DOES 1-30, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES, AND DECLARATORY AND INJUNCTIVE RELIEF**<br>(42 U.S.C. §1983, 42 U.S.C. § 1981, California Civil Code § 52.1, California Government Code § 815.6, False Imprisonment, and negligence)<br><br>**DEMAND FOR JURY TRIAL** |

COOPERS LLP
TRIAL LAWYERS

**INTRODUCTION**

1. This case arises from the harm caused by the City and County of San Francisco ("City") when it unlawfully held M.B., an African-American youth under the jurisdiction of the Juvenile Court, in solitary confinement in juvenile hall. From Wednesday, December 21, 2022, to Saturday, December 24, 2022, the San Francisco Juvenile Probation Department held M.B. in solitary confinement within the county's locked juvenile facility, in violation of federal and state constitutional and statutory protections, state regulations.

2. As a result of the actions and policies, practices, and/or customs of the San Francisco Juvenile Probation Department and its employees, M.B. was unlawfully held in isolation against his will in a locked cell, deprived of freedom of movement and social interaction, subjected to unlawful punishment, and denied adequate, safe, caring, and humane treatment.

3. This civil rights and tort action seeks general, special, and punitive damages from Defendants for violating Plaintiff's rights under the United States Constitution, California Constitution and California law. Further, Plaintiff seeks declaratory and injunctive relief demanding that Defendants cease the unlawful use of solitary or room confinement as to Plaintiff.

**JURISDICTION**

4. This action arises under 42 U.S.C. Section 1983. Jurisdiction is based on 28 U.S.C. Sections 1331 and 1334.

5. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S. Section 1367 over the state law claims, which are so related to the federal claims in this action that they form part of the same case or controversy under Article II of the United States Constitution.

6. This Court is authorized to grant declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202 and Rules 57 of the Federal Rules of Civil Procedure.

**VENUE/INTRADISTRICT ASSIGNMENT**

7. The claims alleged herein arose in the City and County of San Francisco, State of California. Therefore, venue and assignment are in the United States District Court for the Northern District of California, San Francisco or Oakland Divisions. 28 U.S.C. § 1391(b)(2); Civil L.R. 3-2(d).

## PARTIES

### A. Plaintiff:

8. Plaintiff M.B. is a twenty-year-old African American male, who was nineteen at the time of the alleged incident herein, and who is currently under the jurisdiction of the San Francisco Juvenile Court and in custody at the San Francisco Juvenile Hall.

### B. Defendants:

9. Defendant CITY AND COUNTY OF SAN FRANCISCO is, and at all times herein mentioned was, a municipal corporation duly organized and existing under the laws of the State of California.

10. Defendant KATHERINE MILLER is, and at all times relevant herein was, the Chief of the San Francisco Juvenile Probation Department and, as such, was the policymaker for Defendant CITY AND COUNTY OF SAN FRANCISCO on matters related to the San Francisco Juvenile Probation Department. At all times herein mentioned, Defendant MILLER was acting under color of law and within the scope of her employment with the Defendant CITY AND COUNTY OF SAN FRANCISCO. Defendant MILLER is sued in her official and individual capacities.

11. Plaintiff M.B. is informed and believes and thereupon alleges that Defendant WARREN JOHNSON was at all times relevant herein a deputy probation officer with the San Francisco Juvenile Probation Department for the CITY AND COUNTY OF SAN FRANCISCO, and was acting under color of law and within the scope of his employment with the Defendant CITY AND COUNTY OF SAN FRANCISCO. He is sued in his individual capacity.

12. Plaintiff M.B. is informed and believes and thereupon alleges that Defendant SCOTT KATO was at all times relevant herein a supervising deputy probation officer with the San Francisco Juvenile Probation Department for the CITY AND COUNTY OF SAN



COOPERS LLP TRIAL LAWYERS

FRANCISCO, and was acting under color of law and within the scope of his employment with the Defendant CITY AND COUNTY OF SAN FRANCISCO. He is sued in his individual capacity.

13. Plaintiff M.B. is informed and believes and thereupon alleges that Defendant BRYAN THOMASSON was at all times relevant herein a supervising deputy probation officer with the San Francisco Juvenile Probation Department for the CITY AND COUNTY OF SAN FRANCISCO, and was acting under color of law and within the scope of his employment with the Defendant CITY AND COUNTY OF SAN FRANCISCO. He is sued in his individual capacity.

14. Plaintiff M.B. is informed and believes and thereupon alleges that Defendant NIGEL HICKS was at all times relevant herein a deputy probation officer with the San Francisco Juvenile Probation Department for the CITY AND COUNTY OF SAN FRANCISCO, and was acting under color of law and within the scope of his employment with the Defendant CITY AND COUNTY OF SAN FRANCISCO. He is sued in his individual capacity.

15. Defendant DOES 1 through 30 are persons or entities whose true names and capacities are presently unknown to Plaintiff, who therefore sue these Defendants by fictitious names. Plaintiff is informed and believe, and on that basis allege, that each of the DOE Defendants was an agent or employee of one or more of the named Defendants, and was acting within the course and scope of said agency or employment and under color of state law. Plaintiff is further informed and believe, and based thereon allege, that each of the DOE Defendants are legally responsible in some manner for the occurrences herein alleged. All allegations in this Complaint that refer to the named Defendants refer in like manner to those Defendants identified as DOES 1 through 30, inclusive. Plaintiff will amend this Complaint to allege the true names and capacities of the DOE Defendants when they have been ascertained.

## ADMINISTRATIVE PREREQUISITIES

16. Plaintiff filed a claim with the City and County of San Francisco on June 16, 2023. The City and County of San Francisco rejected Plaintiff's claim on July 19, 2023. Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910.



COOPERS LLP
TRIAL LAWYERS

COOPERS LLP
TRIAL LAWYERS

## FACTUAL AND STATUTORY BACKGROUND

### A. Legal and Policy Framework for Solitary or Room Confinement for Youths in Custody of Juvenile Halls

17. California law prohibits the use of room confinement for purposes of punishment, coercion, convenience, or retaliation by staff. Cal. Welf. & Inst. Code § 208.3(b)(2).

18. California Welfare and Institutions Code section 851 requires that juvenile halls not be deemed to be, nor be treated as, penal institutions and that juvenile halls be safe and supportive homelike environments.

19. California laws and regulations strictly limit the use of solitary confinement for youth in juvenile facilities. Specifically, Section 208.3 of the California Welfare and Institutions Code sets forth when and how a youth may be placed in "room confinement," defined as the placement of a youth "in a locked sleeping room or cell with minimal or no contact with persons other than correctional facility staff and attorneys." Cal. Welf. & Inst. Code § 208.3(a)(3).

20. California Welfare and Institutions Code section 208.3 and California Code of Regulations, title 15, section 1354.5 directs that room confinement shall not be used before other less restrictive options have been attempted and exhausted unless attempting those options poses a threat to the safety and security of a youth or staff.

21. The law further prohibits the use of room confinement "to the extent that it compromises the mental and physical health" of the youth. Cal. Welf. & Inst. Code § 208.3(b)(3).

22. Even in a situation in which the law permits room confinement, there are significant legal restrictions on its use. For example, room confinement is permitted only for a period of ***up to four hours***. Cal. Welf. & Inst. Code § 208.3(c) (emphasis added). At the four-hour mark, the youth must either be returned to the general facility population, or the staff must do all of the following: 1) document the reason for the confinement and the basis for an extension, the date and time the confinement started; 2) develop an individualized plan for reintegration into the general population; and 3) obtain documented authorization by the facility superintendent or their designee every four hours thereafter. Cal. Welf. & Inst. Code § 208.3(d).

23. California regulations for juvenile facilities also impose limits on use of solitary confinement for incarcerated youth. *See generally*, California Code of Regulations, Title 15. Crime Prevention and Corrections, Division 1. Board of State and Community Corrections, Chapter 1. Board of State and Community Corrections, Subchapter 5, Minimum Standards for Juvenile Facilities.

24. California Code of Regulations, title 15, section 1354.5 requires that facility administrators develop and implement written policies and procedures regarding room confinement that are consistent with California Welfare and Institutions Code section 208.3. California Code of Regulations, title 15, section 1370 requires that education be provided to all youth regardless of separation status, including room confinement, except when providing education poses an immediate threat to the safety of self or others.

25. California Code of Regulations, title 15, section 1361 requires that the facility administrator develop and implement written policies and procedures whereby any youth may appeal and have resolved grievances relating to any condition of confinement, including but not limited to health care services, classification decisions, program participation, telephone, mail or visiting procedures, food, clothing, bedding, mistreatment, harassment or violations of the nondiscrimination policy.

26. California Code of Regulations, title 15, section 1371 requires the facility administrator to develop and implement written policies and procedures for programs, recreation, and exercise for all youth. The intent is to minimize the amount of time youth are in their rooms or their bed area. Further, juvenile facilities shall provide the opportunity for programs, recreation, and exercise a minimum of three hours a day during the week and five hours a day each Saturday, Sunday or other non-school days, of which one hour shall be an outdoor activity, weather permitting.

27. California Code of Regulations, title 15, section 1390 requires the facility administrator to develop and implement written policies and procedures for the discipline of youth that shall promote acceptable behavior; including the use of positive behavior interventions and supports. Discipline shall be imposed at the least restrictive level which



COOPERS LLP
TRIAL LAWYERS

promotes the desired behavior and shall not include corporal punishment, group punishment, physical or psychological degradation. Deprivation of the following is not permitted:

a. bed and bedding;

b. daily shower, access to drinking fountain, toilet and personal hygiene items, and clean clothing;

c. full nutrition;

d. contact with parent or attorney;

e. exercise;

f. medical services and counseling;

g. religious services;

h. clean and sanitary living conditions;

i. the right to send and receive mail;

j. education; and,

k. rehabilitative programming.

28. California Code of Regulations, title 15, section 1390 requires the facility administrator to develop and implement written policies and procedures for the administration of discipline which shall include, but not be limited to, designation of personnel authorized to impose discipline for violation of rules, prohibiting discipline to be delegated to any youth, definition of major and minor rule violations and their consequences, and due process requirements, trauma-informed approaches and positive behavior interventions, written notice of violation prior to a hearing, hearing by a person who is not a party to the incident, opportunity for the youth to be heard, present evidence and testimony, provision for youth to be assisted by staff in the hearing process, provision for administrative review.

### B. Unlawful Restriction to Solitary or Room Confinement of Plaintiff M.B.

29. M.B. is a twenty-year-old African American currently confined in San Francisco's juvenile hall, under the authority of the San Francisco Juvenile Probation Department (JPD).



COOPERS LLP
TRIAL LAWYERS

30. Upon information and belief, on or about December 21, 2022, M.B. was taken off-site of the San Francisco Juvenile Detention Facility to attend a medical appointment.

31. Upon Information and belief, while off-site, Officers of the San Francisco Juvenile Probation Department searched M.B.'s cell.

32. Upon information and belief, the Probation Officers found items they considered "major contraband" consisting of a cell phone, Wi-Fi device and charging cords in M.B.'s cell.

33. Upon information and belief, when M.B. returned from his medical appointment, he was secured and escorted to his new cell and placed on solitary confinement.

34. Upon information and belief, M.B. was told that the Probation Officers found "major contraband" in his cell.

35. Upon information and belief, M.B. was questioned the next day about where the major contraband came from by Defendant Deputy Probation Officer Hicks.

36. Upon information and belief, M.B. was not told when the solitary confinement would end.

37. Upon information and belief, the solitary confinement lasted from the evening of Wednesday, December 21 to 11am on Saturday, December 24, 2022 (approximately 65-70 hours).

38. Upon information and belief, while in solitary confinement, M.B. was only allowed out of his cell twice per day for a total of two hours per day. His meals were served in his cell, and he was not allowed to interact with any other youth on the unit.

39. Upon information and belief, while in solitary confinement, M.B. was confined for twenty-two hours per day to a small cell with the only natural light coming through a frosted, narrow window.

40. Upon information and belief, M.B. felt stress, anxiety, despair and stated that this solitary confinement was affecting his mental health.

41. Upon information and belief, M.B. told the Probation Officers that he was not a risk of harm to his peers or to himself and hoped that his rights were not being violated as a form of punishment. In addition, M.B. submitted a formal written grievance while he was being held

in solitary confinement in which he reiterated that he was not a risk of harm to his peers or to himself and hoped that his rights were not being violated as a form of punishment.

42. Upon information and belief, the Probation Department did not respond to M.B.'s grievance. Further, the Probation Department never responded to M.B.'s grievance or provided him with his right to appeal any response to his grievance.

43. Upon information and belief, on Saturday, December 24, 2022, M.B. was released from solitary confinement, and brought back into general juvenile hall programing.

### C. The Harm of Solitary Confinement to Developing Adolescents:

44. California's laws restricting room confinement went into effect in 2017, and as the bill's legislative record shows, these protections were enacted to protect youth from the serious harms that result from solitary confinement.[1]

45. The World Health Organization (WHO) has found that solitary confinement has a range of negative psychological and physiological effects, including anxiety, depression, anger, and increased rates of self-harm and suicide, as well as gastro-intestinal problems, insomnia, and poor appetite.[2] According to the WHO, research has shown that uncertainty about the length of the isolation promotes feelings of helplessness and can exacerbate the harms of the isolation.[3]

46. Adolescents are particularly vulnerable to the harmful impact of solitary confinement. As recently stated by the United States Department of Justice: "It is now widely recognized within the medical, psychiatric, and correctional communities that isolation inflicts particular and serious harms on children because of their developmental immaturity, brain development, and lack of effective coping mechanisms."[4]

---

[1] S. COMM. ON PUBLIC SAFETY, BILL ANALYSIS S.B. 143, at 5, *available at:* https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=201520160SB1143#. ("Long-term isolation has not been shown to have any rehabilitative or treatment value, and the United Nations has called upon all member countries to ban its use completely on minors. It is a practice that endangers mental health and increases risk of suicide, and is often used as a method to control a correctional environment, and not for any rehabilitative purpose. It does not properly address disciplinary issues and more often, it increases these behaviors in youth, especially those with mental health conditions.")

[2] World Health Organization. (2014). Prisons and Health, p. 28, *available at:* https://iris.who.int/bitstream/handle/10665/128603/9789289050593-eng.pdf?sequence=3.

[3] *Id.*

[4] U.S. Statement of Interest at 5-6, Alex A. et al. v. Edwards et al., Case No. 3:22-cv-00573-

COOPERS LLP TRIAL LAWYERS

**D. National Standards Regarding Solitary Confinement of Youth:**

47. Over the course of the past decade, the scientific evidence demonstrating the harms of isolation has generated a consensus in the field that solitary confinement is inappropriate in juvenile facilities.

48. In 2012, the American Academy of Child & Adolescent Psychiatry issued a statement opposing the use of solitary confinement in correctional facilities for juveniles.[5] The American Medical Association stated its opposition to solitary confinement in juvenile facilities 2014.[6] In 2015, Council of Juvenile Correctional Administrators published a toolkit on reducing isolation in juvenile facilities,[7] and the next year the National Commission on Correctional Health Care called for the end to solitary confinement of youth.[8]

49. This growing momentum against the use of solitary confinement for youth led to congressional action through the First Step Act, passed in 2018. This legislation prohibits the isolation of youth in federal facilities "for discipline, punishment, retaliation, or any reason other than as a temporary response to a covered juvenile's behavior [which] poses a serious and immediate risk of physical harm to any individual, including the covered juvenile." 18 U.S.C. § 5043(b)(1). Further, no juvenile in federal custody may be kept in isolation for longer than three hours under any circumstances. 18 U.S.C. § 5043(b)(2)(B).

50. Today, and at the time of the incident in this case, the national standards for juvenile facilities, including those promulgated by the Annie E. Casey Foundation's Juvenile

---

SDD-RLB (M.D. LA 2023), *available at*: https://www.aclu.org/wp-content/uploads/2022/09/Alex-A.-v.-Edwards-Department-of-Justice-Statement-of-Interest.pdf.

[5] Policy Statement, Am. Acad. of Child & Adolescent Psychiatry, Solitary Confinement of Juvenile Offenders (Apr. 2012), *available at*: https://www.aacap.org/aacap/policy_statements/2012/solitary_confinement_of_juvenile_offenders.aspx.

[6] Policy Statement, Am. Med. Ass'n, Solitary Confinement of Juveniles in Legal Custody (Nov. 2014), https://policysearch.ama-assn.org/policyfinder/detail/youth%20solitary%20confinement?uri=%2FAMADoc%2FHOD.xml-0-5016.xml.

[7] Council of Juvenile Correctional Administrators. (2015). Toolkit: Reducing the Use of Isolation, *available at*: https://ojjdp.ojp.gov/library/publications/council-juvenile-correctional-administrators-toolkit-reducing-use-isolation.

[8] Nat'l Comm'n on Correctional Health Care, Position Statement, Solitary Confinement (Isolation) (Apr. 2016), *available at*: https://www.ncchc.org/wp-content/uploads/Solitary-Confinement-Isolation.pdf.

Detention Alternatives Initiative, Council of Juvenile Correctional Administrators, National Partnership for Juvenile Services, and PbS Learning Institute, limit the use of isolation in juvenile facilities to the brief period required for de-escalation, for example when there is a serious and imminent risk of harm.[9]

51. In 2016, Disability Rights California (DRC), California's designated disability rights Protection and Advocacy agency, issued a report to the San Francisco Juvenile Probation Department.[10] This report specifically identified San Francisco's abuse of room confinement and called on the Juvenile Probation Department to align its practices with the Annie E. Casey Foundation's Juvenile Detention Alternatives Initiative.[11]

**E. <u>San Francisco Juvenile Probation Department's policy, practice, custom, and/or training encouraged violations of plaintiff's rights:</u>**

52. Upon information and belief and thereupon alleged, defendants acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the San Francsico Juvenile Probation Department by unlawfully and without support restricting juveniles to solitary or room confinement.

53. Upon information and belief and thereupon alleged, San Francisco Juvenile Probation Department's official policy or widespread or longstanding practice or custom caused the deprivation of the Plaintiff M.B.'s rights, as described in this complaint, by the Defendants Chief Miller, Johnson, Kato, Thomasson, and Hicks; that is the San Francisco Juvenile Probation Department's official policy or widespread or longstanding practice or custom is so closely

---

[9] *See* Juv. Det. Alts. Initiative, *Juvenile Detention Facility Assessment Standards Instrument: 2014 Update* (Dec. 2014), *available at*: http://www.cclp.org/wp-content/uploads/2016/06/JDAI-Detention-Facility-Assessment-Standards.pdf; Council of Juv. Corr. Adm'rs, *Council of Juvenile Correctional Administrators Toolkit: Reducing the Use of Isolation* (Mar. 2015), *available at*: https://nicic.gov/resources/nic-library/all-library-items/council-juvenile-correctional-administratorstoolkit; Position Statement, Nat'l P'ship for Juv. Servs., Use of Isolation (Oct. 20, 2014), *available at*: https://irp.cdn-website.com/45a58767/files/uploaded/2014%20-%20Use%20of%20Isolation.pdf; PBS LEARNING INST., REDUCING ISOLATION AND ROOM CONFINEMENT 2 (2012).

[10] Disability Rights California, "Report on San Francisco Youth Guidance Center," Feb. 23, 2016, pp. 3-8, *available at*: https://www.disabilityrightsca.org/system/files/file-attachments/702901_0.pdf.

[11] *Id.*

related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

54. Upon information and belief and thereupon alleged, the acts of Chief Miller and supervisors Kato and Thomasson, of the San Francisco Juvenile Probation Department deprived the plaintiff of his particular rights under the United States Constitution and the laws of California.

55. Upon information and belief and thereupon alleged, when Chief Miller and supervisors Kato and Thomasson engaged in these acts, she was acting as a final policymaker for the San Francisco Juvenile Probation Department and the acts of Chief Miller and supervisors Kato and Thomasson caused the deprivation of plaintiff's rights; that is, Chief Miller, and supervisors Kato and Thomasson's acts were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

56. Upon information and belief and thereupon alleged, Chief Miller and supervisors Kato and Thomasson had final policymaking authority for San Francisco Juvenile Probation Department concerning the acts or failure to act of the defendants Johnson, Kato, Thomasson, and Hicks.

57. Chief Miller ratified the defendants Johnson, Kato, Thomasson, and Hicks' acts or failure to act, that is, Chief Miller knew of and specifically made a deliberate choice to approve these defendants' acts or failure to act and basis for it.

58. The training policies of San Francisco Juvenile Probation Department were not adequate to prevent the violations of law by its employees and/or train its employees to handle the usual and recurring situations with which they must deal like the use of solitary or room confinement and legal basis to continue solitary or room confinement.

59. The San Francisco Juvenile Probation Department, Chief Miller, Supervising Probation Officers Thomasson, Kato, Hicks and Doe Defendants were deliberately indifferent to the substantial risk that its policies were inadequate to prevent violations of law by its employees, knew of the obvious consequences of its failure to train its employees adequately and the failure of the San Francsico Juvenile Probation Department to prevent violations of law

by its employees and to provide adequate training caused the deprivation of Plaintiff's rights by the defendants; that is the Defendant's failure to prevent violations of law involving solitary or room confinement of juveniles and train the Defendants played a substantial part in bringing about our actually caused the injury or damage to the Plaintiff.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

**42 U.S.C. § 1983**
**Violation of substantive due process in violation of the Fourteenth Amendment**
**(By Plaintiff M.B. Against Defendants Johnson, Hicks, Kato, Thomasson, and DOES 1-30)**

60. Plaintiff incorporates by reference all of the above as though fully set forth herein.

61. By the actions and omissions described above, Defendants Johnson, Hicks, Kato, Thomasson, and DOES 1-30, individually and/or while acting in concert with one another, did act under color of state law to violate Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution by restricting Plaintiff to solitary or room confinement when there was no legal basis or legitimate government objective served by the solitary confinement. Said Defendants Johnson, Hicks, Kato, Thomasson, and DOES 1-30, use of solitary confinement was also not rationally related to any legitimate government object and/or was excessive to that purpose. Said Defendants Johnson, Hicks, Kato, Thomasson, and DOES 1-30, continued to restrict Plaintiff to solitary or room confinement after it was known or should have been known that he was entitled to release from solitary or room confinement.

62. The unlawful solitary or room confinement of Plaintiff M.B. was done consciously and with deliberate indifference to Plaintiff M.B.'s constitutional right to liberty. Defendants Johnson, Hicks, Kato, Thomasson, and DOES 1-30 imposed solitary confinement on Plaintiff without a legitimate government objective and/or in excess of any legitimate government objective, and their failure to comply with California law regarding solitary or room confinement at juvenile facilities including, but not limited to, Welfare and Institutions Code section 208.3, caused Plaintiff M.B. to be confined to a room for multiple days without a lawful basis, which shocks the conscience. Such conduct deprived Plaintiff M.B. of his liberty rights



COOPERS LLP TRIAL LAWYERS

guaranteed under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

63. As a result of the violation of his rights under the Fourteenth Amendment to the United States Constitution by said Defendants, Plaintiff M.B. suffered the injuries and/or damages as alleged in this Complaint.

64. Defendants Johnson, Hicks, Kato, Thomasson, and DOES 1-30, subjected Plaintiff M.B. to their wrongful conduct, depriving Plaintiff M.B. of rights described herein, knowingly, maliciously, fraudulently, and with conscious and reckless disregard for whether the rights of Plaintiff M.B. would be violated by their acts and/or omissions. Defendants' acts and/or omissions were the moving force behind, and proximately caused, injuries and damages to Plaintiff as set forth above.

65. Defendants' conduct entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California law in an amount sufficient to punish and deter such conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

**42 U.S.C. § 1983**
**Violation of Equal Protection Clause – racial discrimination – in violation of the Fourteenth Amendment**
**(By Plaintiff M.B. Against Defendants Johnson, Hicks, Kato, Thomasson, and DOES 1-30)**

66. Plaintiff incorporates by reference all of the above as though fully set forth herein.

67. Plaintiff M.B. is informed and believes and thereupon alleges that Defendants Johnson, Hicks, Kato, Thomasson, and DOES 1-30, intentionally discriminated against Plaintiff M.B. based on the color of his skin. Specifically, Plaintiff M.B. is informed and believes and thereupon alleges that Defendants Johnson, Hicks, Kato, Thomasson, and DOES 1-30 would not have harassed or restricted Plaintiff to solitary or room confinement if he were white. In particular, Plaintiff M.B. is informed and believes and thereupon alleges that Defendants Johnson, Hicks, Kato, Thomasson, and DOES 1-30 engaged in biased enforcement or racial profiling, which is prohibited by the Fourteenth Amendment's Equal Protection Clause and by California Penal Code Section 13519.4.



COOPERS LLP TRIAL LAWYERS

68. As a result of the violation of his rights under the Fourteenth Amendment to the United States Constitution by said Defendants, Plaintiff M.B. suffered the injuries and/or damages as alleged in this Complaint.

69. Defendants Johnson, Hicks, Kato, Thomasson, and DOES 1-30, subjected Plaintiff M.B. to their wrongful conduct, depriving Plaintiff M.B. of rights described herein, knowingly, maliciously, fraudulently, and with conscious and reckless disregard for whether the rights of Plaintiff M.B. would be violated by their acts and/or omissions. Defendants' acts and/or omissions were the moving force behind, and proximately caused, injuries and damages to Plaintiff as set forth above.

70. Defendants' conduct entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California law in an amount sufficient to punish and deter such conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## <u>THIRD CAUSE OF ACTION</u>

### 42 U.S.C. § 1983
### Violation of Equal Protection Clause – class of one different treatment – in violation of the Fourteenth Amendment
### (By Plaintiff M.B. Against Defendants Johnson, Hicks, Kato, Thomasson, and DOES 1-30)

71. Plaintiff incorporates by reference all of the above as though fully set forth herein.

72. Plaintiff M.B. is informed and believes and thereupon alleges that Defendants Johnson, Hicks, Kato, Thomasson, and DOES 1-30, intentionally treated Plaintiff M.B. differently than other similarly situated detainee being held in custody at the San Francisco Juvenile Hall and without a rational basis for such intentional different treatment. Specifically, Plaintiff M.B. is informed and believes and thereupon alleges that the actions of Defendants Johnson, Hicks, Kato, Thomasson, and DOES 1-30, in imposing solitary confinement on Plaintiff as set forth in greater detail above were unique in that Defendants Johnson, Hicks, Kato, Thomasson, and DOES 1-30 did not take similar actions towards any other detainee.

73. As a result of the violation of his rights under the Fourteenth Amendment to the United States Constitution by said Defendants, Plaintiff M.B. suffered the injuries and/or damages as alleged in this Complaint.



COOPERS LLP
TRIAL LAWYERS

74. Defendants Johnson, Hicks, Kato, Thomasson, and DOES 1-30, subjected Plaintiff M.B. to their wrongful conduct, depriving Plaintiff M.B. of rights described herein, knowingly, maliciously, fraudulently, and with conscious and reckless disregard for whether the rights of Plaintiff M.B. would be violated by their acts and/or omissions. Defendants' acts and/or omissions were the moving force behind, and proximately caused, injuries and damages to Plaintiff as set forth above.

75. Defendants' conduct entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California law in an amount sufficient to punish and deter such conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**

**42 U.S.C. § 1983**
**Violation of procedural due process in violation of the Fourteenth Amendment**
**(By Plaintiff M.B. Against Defendants Johnson, Hicks, Kato, Thomasson and DOES 1-30)**

76. Plaintiff incorporates by reference all of the above as though fully set forth herein.

77. In doing the acts complained of in this Complaint, Defendants Johnson, Hicks, Kato, Thomasson, and DOES 1-30, individually and/or while acting in concert with one another, did act under color of state law to cause Plaintiff M.B. to be restricted to solitary or room confinement when there was no legal basis to detain him or justification. Said Defendants continued to restrict Plaintiff to room confinement after it was known or should have been known that he was entitled to release from room confinement.

78. California Welfare and Institutions Code section 851 requires that juvenile halls not be deemed to be, nor be treated as, penal institutions and that juvenile halls be safe and supportive homelike environments.

79. California Welfare and Institutions Code section 208.3 and California Code of Regulations, title 15, section 1354.5 limit the use of solitary or room confinement. Solitary or room confinement shall not be used before other less restrictive options have been attempted and exhausted unless attempting those options poses a threat to the safety and security of a youth or staff. Solitary or room confinement may not be used for purposes of punishment, coercion, convenience, or retaliation by staff or to the extent that it compromises the mental and physical

COOPERS LLP
TRIAL LAWYERS

health of a youth. Further, after a youth is held up to four hours in solitary or room confinement, staff must either return the youth to the general unit or document the reason for extension, obtain documented authorization by the facility superintendent or designee every four hours thereafter; and develop an individualized plan to reintegrate the youth.

80. California Code of Regulations, title 15, section 1354.5 requires that facility administrators develop and implement written policies and procedures regarding room confinement that are consistent with California Welfare and Institutions Code section 208.3.

81. Plaintiff M.B. is informed and believes and thereupon alleges that the actions taken against him by Defendants placing him in room confinement violated his right to procedural due process because it was done as punishment or discipline without due process of law including, but not limited to, restricting him to room confinement without a legitimate government objective, failing to provide notice of the basis for the room confinement, failing to provide a timely hearing and opportunity to be heard.

82. Plaintiff M.B. is informed and believes and thereupon alleges that the actions taken against him by Defendants placing him in room confinement violated his right to procedural due process because it deprived him of his liberty interests established under state law by Welfare and Institutions Code section 208.3 without due process of law, including, but not limited to, restricting him to room confinement as punishment, restricting him to room confinement in a manner that compromised his mental and physical health, restricting him to room confinement without exhausting less restrictive options, restricting him to room confinement for more than four (4) hours without justification, depriving him of minimum programming and recreation, failing to properly document use of room confinement, failing to provide basis for extension of room confinement, failing to consult medical or mental health staff and/or develop an individualized plan for him during room confinement with goals and objective to reintegrate the him into the general population, failing to timely implement a written policy and procedure addressing the use of room confinement.

83. Defendants subjected Plaintiff M.B. to their wrongful conduct, depriving Plaintiff M.B. of rights described herein, knowingly, maliciously, fraudulently, and with conscious and

reckless disregard for whether the rights of Plaintiff M.B. would be violated by their acts and/or omissions. Defendants' acts and/or omissions were the moving force behind, and proximately caused, injuries and damages to Plaintiff as set forth above.

84. Defendants' conduct entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California law in an amount sufficient to punish and deter such conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

**42 U.S.C. § 1983**
**Unreasonable Seizure in violation of the Fourth Amendment**
**(By Plaintiff M.B. Against Defendants Johnson, Hicks, Kato, Thomasson, and DOES 1-30)**

85. Plaintiff incorporates by reference all of the above as though fully set forth herein.

86. By the actions and omissions described above, the Defendants Johnson, Hicks, Kato, Thomasson, and DOES 1-30, individually and/or while acting in concert with one another, did act under color of state law to cause Plaintiff M.B. to be restricted to solitary or room confinement without a lawful basis and continued to restrict Plaintiff M.B. after it was known or should have been known that he was entitled to be released from confinement.

87. The unlawful solitary or room confinement of Plaintiff M.B. was unreasonable and without probable cause. Said Defendants failed to follow state law requirements for by imposing room confinement without a lawful basis, as punishment, without exhausting less restrictive alternatives, and in a manner that compromised his physical and mental health. Said Defendants continued to impose room confinement in excess of any legitimate objective and after any legal basis for detaining Plaintiff M.B. was extinguished. Subsequent room confinement of Plaintiff M.B. after it was known or should have been known that he should have been released to the general population constituted a new seizure under color of state law by Defendants Johnson, Hicks, Kato, Thomasson, and DOES 1-30, individually and/or while acting in concert with one another. This "re-seizure" was unsupported by probable cause or safety measures and was objectively unreasonable. Such conduct deprived Plaintiff M.B. of his right

against unreasonable seizure guaranteed under the Fourth Amendment of the United States Constitution and Article 1, section 13 of the California Constitution.

88. As a result of the violation of his rights under the Fourth Amendment of the United States Constitution and Article 1, section 13 of the California Constitution, by said Defendants, Plaintiff M.B. suffered the injuries and/or damages alleged in this Complaint.

89. Defendants subjected Plaintiff M.B. to their wrongful conduct, depriving Plaintiff M.B. of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights of Plaintiff would be violated by their acts and/or omissions. Defendants' acts and/or omissions were the moving force behind, and proximately caused, injuries and damages to Plaintiff as set forth above.

90. Defendants' conduct entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California law in an amount sufficient to punish and deter such conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## **SIXTH CAUSE OF ACTION**

**42 U.S.C. § 1983**
**Cruel and Unusual Punishment in violation of the Eighth Amendment**
**(By Plaintiff M.B. Against Defendants Johnson, Hicks, Kato, Thomasson, and DOES 1-30)**

91. Plaintiff incorporates by reference all of the above as though fully set forth herein.

92. California Welfare and Institutions Code section 851 requires that juvenile halls not be deemed to be, nor be treated as, penal institutions and that juvenile halls be safe and supportive homelike environments.

93. The conduct described herein by Defendants Johnson, Hicks, Kato, Thomasson, and DOES 1-30, acting under the color of state law and in their official duties, violated the rights of Plaintiff M.B. under the Eighth Amendment of the United States Constitution and Article 1, section 17 of the California Constitution. Plaintiff was deprived of his liberty interests and his right to be free from cruel and unusual punishment because it is a duty of a juvenile facility to

take reasonable measures to guarantee the safety and support of a detainee. Solitary or room confinement causes severe injury that is cruel and unusual punishment when applied to individuals in juvenile facilities.

94. Defendants restricted Plaintiff M.B. to solitary or room confinement with deliberate indifference and disregard for the risks to Plaintiff M.B.

95. Defendants' failures and violations include, but are not limited to, the failure to provide notice or a legal basis for the room confinement, restricting Plaintiff M.B. to solitary or room confinement for more than four (4) hours without justification, failure to perform the necessary procedures and/or analysis to determine whether solitary or room confinement was required, and failing to create a plan to reintegrate Plaintiff M.B. into the general population.

96. Defendants knew, or should have known, subjecting youths in the custody of a juvenile hall to solitary or room confinement as punishment causes serious emotional, social, psychological, and physical harm.

97. Despite actual knowledge of the obvious risks and harm to Plaintiff at the juvenile hall for being placed in solitary confinement, Defendants disregarded these excessive risks of the health and safety of Plaintiff and continued to place Plaintiff in such condition.

98. Plaintiff M.B. is informed and believes and thereupon alleges, Defendants restricting Plaintiff to solitary or room confinement was punishment and caused severe emotional, social, psychological, and physical harms to Plaintiff M.B.

99. Defendants subjected Plaintiff M.B. to their wrongful conduct, depriving Plaintiff M.B. of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights of Plaintiff would be violated by their acts and/or omissions. Defendants' acts and/or omissions were the moving force behind, and proximately caused, injuries and damages to Plaintiff as set forth above.

100. Defendants' conduct entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California law in an amount sufficient to punish and deter such conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

COOPERS LLP
TRIAL LAWYERS

## SEVENTH CAUSE OF ACTION

**42 U.S.C. Section 1983 – *Monell* and Supervisor Liability**
**(Against Defendants City and County of San Francisco, Chief Of San Francisco Juvenile Probation Department Katherine Miller, and DOES 1-30)**

101. Plaintiff incorporates by reference all of the above as though fully set forth herein.

102. The unconstitutional actions and/or omissions of Defendants Johnson, Hicks, Kato, Thomasson, and DOES 1-30, were pursuant to the following customs, policies, practices, and/or procedures of Defendant City and County of San Francisco, Chief Of San Francisco Juvenile Probation Department Katherine Miller, and Does 26-30, which were directed, encouraged, allowed and/or ratified by policymaking officials with the City and County of San Francisco and the San Francisco Juvenile Probation Department:

a. Failure to provide a timely hearing;

b. Failure to provide notice of the reason for solitary or room confinement;

c. Failure to ensure that room confinement is not used for an unlawful purpose;

d. Failure to ensure that room confinement does not compromise a youth's physical and mental health;

e. Restricting youths to room confinement for more than four (4) hours without justification;

f. Failure to properly document use of solitary or room confinement;

g. Failure to provide basis for extension of room confinement;

g. Failure to consult medical or mental health staff for youths in solitary or room confinement;

i. Failure to develop an individualized plan for youths during solitary or room confinement with goals and objective to reintegrate the youth into the general population;

j. Failure to timely implement a written policy and procedure addressing the

use of room confinement; and

j. Failure to determine whether there were less restrictive options than solitary or room confinement.

103. Defendants City and County of San Francisco, San Francisco Juvenile Probation Department, Chief Of San Francisco Juvenile Probation Department Katherine Miller, and Does 26-30, failed to properly screen, hire, train, instruct, monitor, supervise, evaluate, investigate, discipline and/or terminate Defendants Johnson, Hicks, Kato, Thomasson, and DOES 1-30, with deliberate indifference to Plaintiff's constitutional rights.

104. The unconstitutional actions of Defendants Johnson, Hicks, Kato, Thomasson, and DOES 1-30, were approved, tolerated, and/or ratified by Chief of San Francisco Juvenile Probation Department Katherine Miller as the policymaking officer for the City and County of San Francisco and the San Francisco Juvenile Probation Department.

105. The aforementioned customs, policies, practices, and procedures, and the failure to properly screen, hire, train, instruct, monitor, supervise, evaluate, investigate, discipline and terminate, and the unconstitutional approval, ratification and/or toleration of the wrongful conduct of Defendants Johnson, Hicks, Kato, Thomasson, and DOES 1-30, were a moving force and/or proximate cause of the deprivation of Plaintiff's clearly established constitutional rights.

106. As the supervisor on scene, Defendants Thomasson and/or Kato had an obligation to ensure that their subordinates, including Defendants Johnson, Hicks, and Does 1-30 engaged in lawful conduct and refrained from violating Plaintiff's Constitutional rights.

107. As a direct and proximate result of the conduct of Defendant City and County of San Francisco, San Francisco Juvenile Probation Department, Chief Of San Francisco Juvenile Probation Department Katherine Miller, Defendants Thomasson and/or Kato and Does 1-30, Plaintiff suffered injuries and damages as set forth above.

108. The conduct of Chief Of San Francisco Juvenile Probation Department Katherine Miller entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California law in an amount sufficient to punish and deter such conduct. No punitive damages are sought against Defendant City and County of San Francisco.



COOPERS LLP TRIAL LAWYERS

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION

**42 U.S.C. Section 1981**
**(By Plaintiff M.B. Against Defendants Johnson, Hicks, Kato, Thomasson, and DOES 1-30)**

109. Plaintiff incorporates by reference all of the above as though fully set forth herein.

110. In doing the things herein alleged, Defendants intentionally discriminated against Plaintiff because of his race, thereby depriving him of his right to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens.

111. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights of Plaintiff would be violated by their acts and/or omissions. Defendants' acts and/or omissions were the moving force behind, and proximately caused injuries and damages to Plaintiff as set forth above.

112. Defendants' conduct entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California law in an amount sufficient to punish and deter such conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION

**California Civil Code § 52.1 (Bane Act)**
**(By Plaintiff M.B. Against All Defendants)**

113. Plaintiff incorporates by reference all of the above as though fully set forth herein.

114. By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, interfered with, attempted to interfere with, and violated the following rights:

a. the right to substantive and procedural due process, secured by the Due Process clause of the Fourteenth Amendment to the United States

Constitution, Article 1, Sections 7 and 13 of the California Constitution, and 42 U.S.C. Section 1983;

b. the right to be free from biased enforcement or racial profiling, which is prohibited by the Fourteenth Amendment's Equal Protection Clause and Article I, Section 7 of the California Constitution, and 42 U.S.C. Section 1981;

c. the right to be free from unreasonable seizures and detentions without reasonable suspicion, secured by the Fourth Amendment to the United States Constitution and by Article 1, Section 13 of the California Constitution;

d. the right to be free from the infliction of cruel and unusual punishment, secured by Article 1, section 17 of the California Constitution; and the right to not be punished by solitary or room confinement in a juvenile facility and the right for solitary or room confinement to be used only in conformance to strict regulation, secured by California Welfare and Institutions Code section 208.3, California Code of Regulations, title 15, section 1354.5, and California Welfare and Institutions Code section 851.

e. the right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, secured by Article 1, Section 1 of the California Constitution;

f. the right to protection from bodily restraint, harm, or personal insult, secured by California Civil Code Section 43;

g. the right to be free of racial profiling by law enforcement, secured by California Penal Code Section 13519.4.

115. In doing the things herein alleged, Defendants acted with the particular purpose of depriving Plaintiff M.B. of the enjoyment of the interests protected by the above-listed rights and/or in reckless disregard of these constitutional and statutory rights and guarantees.



COOPERS LLP TRIAL LAWYERS

116. As a direct and proximate result of Defendants' conduct, Plaintiff suffered injuries and damages as set forth above.

117. Defendant City and County of San Francisco and San Francisco Juvenile Probation Department are vicariously liable for the acts and omissions of its employees acting in the course and scope of such employment, pursuant to California Government Code Section 815.2.

118. The conduct of the individual Defendants was malicious and oppressive in that they intended to harm Plaintiff and deprive him of his rights, or their actions were despicable and conducted with a willful and conscious disregard for Plaintiff's rights and safety, entitling Plaintiff to punitive damages pursuant to California Civil Code Sections 52.1 and 3294. No punitive damages are being sought against Defendant City and County of San Francisco.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**TENTH CAUSE OF ACTION**

**California Government Code § 815.6 (Failure to Discharge a Mandatory Duty)**
**(By Plaintiff M.B. Against All Defendants)**

119. Plaintiff incorporates by reference all of the above as though fully set forth herein.

120. California Government Code Section 815.6 provides for liability against a public entity when:

a. The public entity violates a mandatory duty imposed by an enactment.

b. The enactment is designed to protect against the kind of injury complained of by the plaintiff.

c. The plaintiff is in the class of persons protected by the enactment.

d. The violation proximately caused the injury; and

e. The public entity did not exercise reasonable diligence in discharging its duty established by the enactment.

121. An enactment includes a federal or state constitutional provision, statute, charter provision, ordinance, or properly adopted regulation.



COOPERS LLP TRIAL LAWYERS

122. Defendants were under a mandatory duty to comply with the room confinement protections set out in California Welfare and Institutions Code sections 208.3 and 851. California Welfare and Institutions Code section 208.3 and California Code of Regulations, title 15, section 1354.5 limit the use of solitary or room confinement. Solitary or room confinement shall not be used before other less restrictive options have been attempted and exhausted unless attempting those options poses a threat to the safety and security of a youth or staff. Solitary or room confinement may not be used for purposes of punishment, coercion, convenience, or retaliation by staff or to the extent that it compromises the mental and physical health of a youth. Further, after a youth is held up to four hours in solitary or room confinement, staff must either return the youth to the general unit or document the reason for extension, obtain documented authorization by the facility superintendent or designee every four hours thereafter; and develop an individualized plan to reintegrate the youth. California Welfare and Institutions Code section 851 requires that juvenile halls not be deemed to be, nor be treated as, penal institutions and that juvenile halls be safe and supportive homelike environments. Such requirements constitute mandatory duties, enacted by state law, designed to protect youths such as Plaintiff M.B. from unwarranted and unnecessary room confinement and its attendant harms.

123. Plaintiff M.B. is informed and believes and thereupon alleges that said Defendants, individually and/or while acting in concert with one another, did not exercise due diligence in discharging their mandatory duty to comply with state law on room confinement and release from room confinement. Said Defendants unlawfully used room confinement as a form of punishment and to the detriment of Plaintiff's physical and mental health. Said Defendants also unlawfully used room confinement beyond the four-hour limitation and did not comply with their mandatory duties regarding documentation, individualized planning, and supervisor authorization. Defendants did not release Plaintiff M.B. after it was known or should have been known that his room confinement was unlawful.

124. Defendants were also under a mandatory duty to comply with the juvenile facility regulations set out in Title 15 of the California Code of Regulations. Under California Code of Regulations, title 15, section 1370, Defendants were required to provide educational instruction



COOPERS LLP TRIAL LAWYERS

to Plaintiff, regardless of separation status. Under California Code of Regulations, title 15, section 1371, Defendants were required to provide Plaintiff with programs, recreation, and exercise for a minimum of three hours on weekdays and five hours on weekends or non-school days. Of these hours, Defendants were required to ensure that one hour was provided for an outdoor activity, weather permitting, one hour was provided for unscheduled activities, and one hour was provided for large muscle exercise. Under California Code of Regulations, title 15, section 1390, Defendants were prohibited from imposing discipline that deprived Plaintiff of certain rights, such as the right to full nutrition, exercise, education, and rehabilitative programming.

125. Plaintiff M.B. is informed and believes and thereupon alleges that said Defendants, individually and/or while acting in concert with one another, did not exercise due diligence in discharging their mandatory duty to comply with juvenile facility regulations. Said Defendants placed Plaintiff in solitary confinement, allowing him to leave his cell for only two hours per day, and depriving Plaintiff of his rights to education, programming, recreation, and exercise. Said Defendants deprived Plaintiff of these rights in violation of their mandatory duty not to take away these rights as a form of discipline.

126. As a result of said Defendants' violation of their mandatory duties under state law and regulation, Plaintiff M.B. suffered the injuries and/or damages as alleged in this Complaint.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## ELEVENTH CAUSE OF ACTION

**False Imprisonment**
**(By Plaintiff M.B. Against All Defendants)**

127. Plaintiff incorporates by reference all of the above as though fully set forth herein.

128. Defendants are liable under California law for false imprisonment when:

a. There is nonconsensual, intentional confinement of a person,

b. Without lawful privilege,

c. For an appreciable period of time, however brief.



COOPERS LLP TRIAL LAWYERS

129. A jailer can be held liable for false imprisonment if the jailer knew or should have known that the plaintiff's incarceration was unlawful.

130. In doing the acts complained of in this Complaint, Defendants Johnson, Hicks, Kato, Thomasson, and DOES 1-30, individually and/or while acting in concert with one another, did act within the scope of their employment to cause Plaintiff M.B. to be restricted to room confinement when there was no legal basis and against Plaintiff M.B.'s will. Such room confinement was nonconsensual and intention custodial confinement in the locked facility of San Francisco's juvenile hall. The incarceration lacked lawful privilege because it was done on an unconstitutional basis in violation of the rights to due process and equal protection. The room confinement also lacked lawful privilege because it contradicted state law and was imposed in violation of his rights.

131. Said Defendants continued to restrict Plaintiff M.B. to room confinement after it was known or should have been known that he was entitled to release, and therefore Defendants are liable for the tort of false imprisonment. California Government Code Section 820.4 provides: "A public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law. Nothing in this section exonerates a public employee from liability for false arrest or false imprisonment."

132. Pursuant to Government Code Section 815.2, Defendants City and County of San Francisco, San Francisco Juvenile Probation Department, and Juvenile Probation Department Chief Miller are vicariously liable for the torts of their employees— Defendants Johnson, Hicks, Kato, Thomasson, and DOES 1-30—who were acting within the scope of their employment when they falsely imprisoned Plaintiff M.B.

133. As a direct and proximate result of Defendants' conduct, Plaintiff suffered injuries and damages as alleged in this Complaint.

134. The conduct of the individual Defendants was malicious and oppressive in that they intended to harm Plaintiff and deprive him of his rights, or their actions were despicable and conducted with a willful and conscious disregard for Plaintiff's rights and safety, entitling

Plaintiff to punitive damages pursuant to California Civil Code Section 3294. No punitive damages are being sought against Defendant City and County of San Francisco.

WHEREFORE, Plaintiff M.B. prays for relief as hereinafter set forth.

## TWELFTH CAUSE OF ACTION

### Negligence
### (By Plaintiff M.B. Against all Defendants)

135. Plaintiff incorporates by reference all of the above as though fully set forth herein.

136. The Defendants owed Plaintiff a duty to use reasonable care in connection with the parties' interactions as described herein. In particular, the individual Defendants had a duty to carefully investigate any potential violations, to follow the applicable rules regarding any potential violations, to use care to avoid subjecting Plaintiff to an illegal/improper seizure of Plaintiff in his cell, to use care to avoid subjecting Plaintiff to an illegal/improper retaliation or petition for redress of grievances, to use care to avoid subjecting Plaintiff to deprivation of any of the other rights enumerated herein, and to use reasonable care to avoid engaging in biased enforcement or racial profiling.

137. In doing the things herein alleged, Defendants breached the applicable duty of care by acting unreasonably, carelessly, negligently and/or recklessly.

138. As a direct and proximate result of Defendants' conduct, Plaintiff suffered injuries and damages as set forth above.

139. Defendant City and County of San Francisco, San Francisco Juvenile Probation Department, and Juvenile Probation Department Chief Miller are vicariously liable for the acts and omissions of its employees— Defendants Johnson, Hicks, Kato, Thomasson, and DOES 1-30—acting in the course and scope of such employment, pursuant to California Government Code Section 815.2.

140. The conduct of the individual Defendants was malicious and oppressive in that they intended to harm Plaintiff M.B. and deprive him of his rights, or their actions were despicable and conducted with a willful and conscious disregard for Plaintiff's rights and safety,



COOPERS LLP
TRIAL LAWYERS

entitling Plaintiff to punitive damages pursuant to California Civil Code Section 3294. No punitive damages are being sought against Defendant City and County of San Francisco.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRTEENTH CAUSE OF ACTION

***Writ of Mandate (Code of Civil Procedure § 1085)***
***Violation of California Welfare and Institutions Code § 208.3 and***
***California Code of Regulations, Title 15 Sections 1361, 1370, 1371, 1390, 1391***
**(AS TO ALL DEFENDANTS)**

141. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein.

142. Plaintiff M.B. is beneficially interested in the outcome of this matter because he personally endured the harms associated with violations of Defendants' mandatory duties. Additionally, he remains incarcerated within the facility and at risk of suffering future harm if Defendants continue to violate their legal obligations.

143. There are no plain, speedy and adequate alternative remedies at law to enforce Defendants legal obligations respecting the care and treatment of Plaintiff and other youth confined in their facilities.

***Violations of Welfare and Institutions Code Sections 208.3***

144. California Welfare and Institutions Code Section 208.3 sets forth when and how a youth may be placed in "room confinement," defined by subdivision (a), subparagraph (3) as placement of a youth "in a locked sleeping room or cell with minimal or no contact with persons other than correctional facility staff and attorneys." Section 208.3, subdivision (b), subparagraph (2) prohibits the use of room confinement for punishment. Section 208.3, subdivision (b), subparaph (1) prohibits the use of room confinement before other, less restrictive, alternatives have been attempted and exhausted, "unless attempting those options poses a threat to the safety or security of any minor, ward, or staff." Section 208.3, subdivision (b), subparagraph (3) prohibits the use of room confinement "to the extent that it compromises the mental and physical



COOPERS LLP TRIAL LAWYERS

health of the minor or ward." In circumstances where room confinement is permissible, Section 208.3, subdivision (c) sets forth a specific process that must be followed and establishes clear time limitations as a part of that process.

145. Defendants had a mandatory duty to comply with the limitations and procedures set forth in Welfare and Institutions Code Section 208.3. Defendants' use of room confinement against Plaintiff M.B. from December 21 to December 24, 2022 was in violation of their mandatory duties because it was used for an inappropriate purpose, in a manner that compromised his mental and physical health, without attempting, exhausting, or even considering less restrictive alternatives, and without adherence to the process clearly laid out in the law.

***Violation of California Code of Regulations, Title 15 Section 1361***

146. The California Code of Regulations, Title 15, Section 1361 establishes specific requirements for grievance policies and procedures in juvenile facilities. Among these is the requirement that an initial response be provided within three business days; that the response be provided in writing and include the reasons for the decision; and that the grievance be resolved within ten business days.

147. Defendants had a mandatory duty to provide a written response to Plaintiff M.B.'s grievance filed on December 21, 2022. They did not provide a response or resolution despite multiple requests.

***Violation of California Code of Regulations, Title 15, Section 1370***

148. Pursuant to California Code of Regulations Title 15, Section 1370, Defendants are, and at all times relevant times were, required to provide Plaintiff with educational instruction, regardless of separation status.

149. Defendants failed to provide educational instruction to Plaintiff M.B. during the time he was in room confinement from December 21 to December 24, 2022 in violation of Section 1370.



COOPERS LLP TRIAL LAWYERS

*Violation of California Code of Regulations, Title 15, Section 1371*

150. Pursuant to California Code of Regulations Title 15, Section 1371, Defendants are, and at all times relevant times were, required to provide Plaintiff with programs, recreation, and exercise for a minimum of three hours on weekdays and five hours on weekends or non-school days. Defendants also have a mandatory duty to ensure that one hour is provided for an outdoor activity and one hour is provided for large muscle exercise.

151. Defendants failed to meet their mandatory duty under Section 1371 when they did not provide the minimally required programming, recreation, or exercise from December 21 to December 24, 2022. In failing to provide programming, recreation, or exercise on those days, Defendants also failed to ensure that Plaintiff M.B. was provided with one hour for an outdoor activity and one hour for large muscle exercise.

*Violation of California Code of Regulations, Title 15, Section 1390*

152. The California Code of Regulations, Title 15, Section 1390 establishes specific requirements for the imposition of discipline in juvenile facilities. Among these is a prohibition against suspending any of the following as a form of discipline: exercise, education, and rehabilitative programming.

153. Defendants had a mandatory duty to refrain from imposing any discipline that deprived Plaintiff M.B. of exercise, education, and rehabilitative programming. Defendants failed to meet this duty by depriving M.B. of these rights during his room confinement.

*Violation of California Code of Regulations, Title 15, Section 1391*

154. The California Code of Regulations, Title 15, Section 1391 establishes specific procedures for the imposition of discipline in juvenile facilities. Among these is a requirement that discipline for major rule violations must be documented and include written notice; a hearing by a person not a party to the incident; the opportunity for the youth to be heard, present evidence, and testimony; provision for the youth to be assisted by staff; provision for administrative review.



COOPERS LLP
TRIAL LAWYERS

155. Defendants had a mandatory duty to impose discipline only in accordance with the above-described procedural protections. Defendants failed to meet this duty by placing Plaintiff M.B. in room confinement without documentation of the discipline and without following the required procedures for major rule violations.

## JURY DEMAND

Plaintiff demands that this matter be tried to a jury.

## PRAYER FOR RELIEF

Plaintiff respectfully prays for relief on all causes of action as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For nominal damages, if appropriate, in a sum according to proof;
4. For punitive and exemplary damages in a sum according to proof;
5. For any and all statutory damages allowed by law;
6. For reasonable attorney's fees and cost of litigation under 42 U.S.C. Section 1988, California Civil Code Section 52.1(h), Code of Civil Procedure §1021.5 and any other applicable provisions of law.
7. Issue a writ of mandate, pursuant to California Code of Civil Procedure Section 1085, ordering Defendants to perform their duties and obligations under the California Welfare and Institutions Code and Title 15 of the California Code of Regulations, including complying with the requirements to:
   a. Prohibit and abolish the use of room confinement as punishment, coercion, convenience, or retaliation, as required by California Welfare and Institutions Code Section 208.3 subdivision (b), subparagraph (2);
   b. Prohibit and abolish the use of room confinement to the extent that it compromises the mental and physical health of the youth, as required



COOPERS LLP
TRIAL LAWYERS

by California Welfare and Institutions Code Section 208.3 subdivision (b), subparagraph (3);

c. Prohibit and abolish the use of room confinement before other less restrictive options have been attempted and exhausted, unless attempting those options poses a threat to the safety or security of any minor, ward, or staff, as required by Welfare and Institutions Code Section 208.3 subdivision (b), subparagraph (1);

d. Comply with all components of the process required for the use of room confinement when used for a lawful purpose, as required by California Welfare and Institutions Code Section 208.3 subdivisions (c) and (d);

e. Comply with the grievance procedures required under California Code of Regulation, Title 15, Section 1361.

f. Provide education as required under California Code of Regulation, Title 15, Section 1370.

g. Provide programming, recreation, and exercise as required under California Code of Regulation, Title 15, Section 1371.

h. Impose discipline only as permitted under California Code of Regulation, Title 15, Section 1390, and in compliance with the procedures required under California Code of Regulation, Title 15, Section 1391.

8. For an order declaring that Defendants' acts and omissions violated Plaintiff's rights;

9. For injunctive relief eliminating the use of unlawful solitary or room confinement for Plaintiff for any purpose other than a rare and temporary response to prevent imminent and serious physical harm;



COOPERS LLP TRIAL LAWYERS

10. For cost of suit herein incurred; and

11. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: January 18, 2024

COOPERS LLP

By: *Bryan S. Vix*
Bryan S. Vix