UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M. B.,<br><br>             Plaintiff,<br><br>     v.<br><br>CITY AND COUNTY OF SAN<br>FRANCISCO, et al.,<br><br>             Defendants. | Case No.  24-cv-00301-RFL (AGT)<br><br>**ORDER ON MOTION TO SEAL**<br><br>Re: Dkt. No. 102 |

A pending discovery dispute (dkt. 101) centers in part on the parties' different interpretations of a sentence written by an HR investigator in a report on Defendant Thomasson's use of room confinement. In an interrogatory, M.B. asks CCSF about the sentence. To understand the dispute, the public needs access to the sentence in question, and to the heading in the report under which the sentence appears. M.B., however, has moved to seal the report in its entirety to protect Thomasson's privacy interests. Dkt. 102 at 2–3.

M.B.'s sealing request is overbroad. The sentence in question in the report, and the heading under which it appears, don't reveal any private information about Thomasson. The sentence addresses Thomasson's motive for holding M.B. in room confinement. Thomasson is a defendant, and his decision to use room confinement is what this case is about. The public's interest in understanding the merits of the case and a discovery dispute related

thereto outweighs Thomasson's privacy interests in an HR investigator's statements about why Thomasson decided to use room confinement.

The Court denies M.B.'s motion to seal, without prejudice to M.B. filing an amended motion to seal in which M.B. proposes redactions to the HR report that will not interfere with the public's ability to understand the pending discovery dispute. By March 9, 2026, M.B. must file an unredacted version of the parties' joint letter brief. Dkt. 101. The redactions relate only to the portions of the HR report that are relevant to the discovery dispute.

**IT IS SO ORDERED.**

Dated: March 4, 2026

_____
Alex G. Tse
United States Magistrate Judge