UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

M. B.,

Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

Defendants.

Case No. 24-cv-00301-RFL

**ORDER DENYING MOTION FOR LEAVE TO SEEK RECONSIDERATION**

Re: Dkt. No. 130

Before the Court is Plaintiff M.B.'s motion for leave to file a motion for reconsideration of the Court's order regarding the parties' motions for summary judgment. (Dkt. No. 130.) The motion is **DENIED** because the issues it raises do not change the outcome of the motions for summary judgment. This order assumes the reader's familiarity with the facts of the case, the applicable legal standards, and M.B.'s arguments.

M.B. raises 4 arguments: (1) that the order "imported" a qualified immunity requirement into its Bane Act analysis, (2) that the order did not address the "conclusive effect" of the City's Rule 36 admissions, (3) that the order did not address certain evidence he argues "bear[s] directly on the qualified-immunity" analysis, and (4) that two of the order's conclusions are internally inconsistent. (Dkt. No. 130 at 3–6.)[1] None of these arguments change the Court's conclusions.

As to the first argument, the Court did not "derive[] the Bane Act result directly from its qualified-immunity holding." (*Id*. at 3.) Instead, the Court observed that the same reasoning for

[1] All references to page numbers for filings on the docket besides depositions refer to ECF pagination.

why M.B.'s Fourteenth Amendment rights were not clearly established at the time of his room confinement also suggested that M.B.'s state law rights were not plainly applicable to the circumstances of this case for Bane Act purposes—*i.e.*, it would not have been plain to a reasonable official that subjecting M.B. to room confinement given the circumstances of this case would constitute "coercion" under California Welfare & Institutions Code section 208.3. Even if Thomasson's subordinates (a) knew the purposes of the Title 15 regulations, (b) believed that using room confinement based solely on a finding of contraband would be impermissible, and (c) believed that M.B.'s room confinement in part was motivated by a desire to extract information from him (*see* Dkt. No. 130-7 ("Johnson Dep.") at 38:5–10, 80:23–81:4; Dkt. No. 130-8 ("Hicks Dep.") at 34:24–35:16, 60:11–15), that does not mean a reasonable officer would have known that M.B.'s room confinement was unlawfully coercive under section 208.3.

As to the second argument, M.B. correctly observes that the City admitted its investigation concluded (a) that M.B.'s confinement was a "coercive effort to force M.B. to reveal how he obtained the contraband" and (b) that the original intention was "to extract information," and that these admissions are "conclusively established" under Rule 36. (*See* Dkt. No. 130 at 4.) However, the City admitted only that its investigation reached those findings, not that the findings themselves were correct, and the investigation did not have an issue preclusive effect. Accordingly, as explained in the summary judgment order, the City's admissions do not mean that the investigation's findings are now true for purposes of this litigation.

As to the third argument, even if there was no supposed "discretionary safety judgment" justifying M.B.'s continued room confinement and no contemporaneous documentation authorizing the confinement, that is immaterial to the qualified immunity analysis. It was not clearly established that continuing M.B.'s room confinement without an explicit safety judgment and contemporaneous documentation violated M.B.'s rights under the Fourteenth Amendment. Even assuming that evidence might be probative of whether Defendants violated M.B.'s rights under section 208.3, it is similarly not clearly established that violating section 208.3 also violates the Fourteenth Amendment. The same is true of Thomasson's subordinates' knowledge

of the purposes of the Title 15 regulations, beliefs about M.B.'s room confinement, and opinions regarding proper uses of room confinement. Their knowledge, beliefs, and opinions do not suggest that they knew (or that any reasonable officer in their position would have known) they had violated M.B.'s Fourteenth Amendment rights.

Finally, the two conclusions that M.B. identifies are not internally inconsistent. As to the first conclusion, even if section 208.3(b)(2) creates a protected liberty interest, whether that liberty interest is plainly applicable to the circumstances of this case is a separate question. The Bane Act requires both that the right at issue be "clearly delineated" and that it be "plainly applicable under the circumstances of the case." *Cornell v. City & County of San Francisco*, 17 Cal. App. 5th 766, 803 (2017) (internal quotation marks omitted). As to the second conclusion, when analyzing the Bane Act claim, the summary judgment order did not reach the issue of whether Defendants acted with reckless disregard, which is the second prong of the Bane Act's specific intent standard. *See id*. Instead, the Court concluded that that Defendants were entitled to summary judgment on the Bane Act claim based on the first prong of the specific intent standard: the requirement that the right at issue be clearly delineated and plainly applicable under the circumstances of the case. (Dkt. No. 126 at 11–12.) The order is internally consistent.

For the foregoing reasons, the motion for leave to seek reconsideration is denied.

**IT IS SO ORDERED.**

Dated: July 17, 2026

RITA F. LIN
United States District Judge